```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- X
                                 :
GREGORY MCGOWAN, et al.,         :    22cv6971 (DLC)
                                 :
                Plaintiffs,      :    MEMORANDUM
           -v-                   :    OPINION AND ORDER
                                 :
GEOFF STANLEY, et al.,           :
                                 :
                Defendants.      :
                                 :
-------------------------------- X
```

APPEARANCES:

For the plaintiffs:
A.M. Richardson, P.C.
Ambrose Madison Richardson, III
40 Wall Street, 35th Floor
New York, NY 10005

For the defendants:
Parr Brown Gee & Loveless
Matthew J. Ball
101 South 200 East, Suite 700
Salt Lake City, UT 84111

DENISE COTE, District Judge:

Certain shareholders of Chief Consolidated Mining Company ("Chief") have brought a putative class action against Ruby Hollow LLC ("Ruby Hollow") and two of its managers, Geoff Stanley and Douglas Meadow, alleging that the defendants misappropriated corporate funds and violated the Securities Exchange Act of 1934 and the Racketeer Influenced and Corrupt Organizations Act.  They have moved to disqualify the law firm Parr Brown Gee & Loveless ("Parr Brown") from representing the

defendants on the ground that its members, including an attorney who has filed a notice of appearance in this action, are necessary witnesses or have access to information material to this action. The motion is denied.

Chief is a mining company with assets located in central Utah. In 2018, Ruby Hollow acquired a majority interest in Chief from LeadFX. As a part of that transaction, Ruby Hollow purchased debt owed by Chief to LeadFX ("2018 Debt Acquisition"). In 2019, Chief entered into a joint venture with Tintic Consolidated Metals, LLC ("Tintic") in which Tintic paid $3.5 million to Chief in exchange for Chief giving Tintic some of its minerals and surface rights. The complaint alleges that the funds owed to Chief from the joint venture were diverted to Ruby Hollow to satisfy the obligations it assumed from LeadFX.

In 2022, Chief's interest in the joint venture was sold to Osisko, a Canadian company, for more than $60 million ("Osisko Transaction"). The complaint alleges that Ruby Hollow structured this transaction to benefit the defendants, not other Chief shareholders. Parr Brown, which had represented Chief, ceased doing so after the Osisko Transaction.

The plaintiffs filed this action on August 16, 2022. On December 16, plaintiffs' counsel filed a letter raising issues regarding motions by two Parr Brown attorneys -- Matthew Ball and D. Craig Parry -- to appear as counsel for the defendants in

this action.  After receiving a responsive letter from Messrs. Ball and Parry, an Order of December 22 directed the plaintiffs to file a motion for disqualification if they wished to do so and set a briefing schedule for the motion.[1]  The plaintiffs filed the motion on January 13, 2023.  The motion became fully submitted on February 1.

"The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process."  United States v. Prevezon Holdings Ltd., 839 F.3d 227, 241 (2d Cir. 2016) (citation omitted).  "In deciding whether to disqualify an attorney, a district court must balance a client's right freely to choose his counsel against the need to maintain the highest standards of the profession."  GSI Com. Sols., Inc. v. BabyCenter, L.L.C., 618 F.3d 204, 209 (2d Cir. 2010) (citation omitted).

The plaintiffs have moved to disqualify Parr Brown and its attorneys on the ground that they are necessary witnesses.  The parties have relied on New York Rule of Professional Conduct 3.7 ("Rule 3.7").  Rule 3.7 prohibits a lawyer from "act[ing] as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact," subject

---

[1] Messrs. Ball and Parry's pro hac vice motions were granted on December 22, 2022.

3

to limited exceptions that do not apply here.  N.Y. Rules of Prof'l Conduct § 3.7.

"Disqualification may be required only when it is likely that the testimony to be given by counsel is necessary." Purgess v. Sharrock, 33 F.3d 134, 144 (2d Cir. 1994) (citation omitted).  Demonstrating that counsel's testimony is necessary is a "heavy burden."  Segal v. Five Star Elec. Corp., 84 N.Y.S.3d 777, 777 (1st Dep't 2018).  New York courts look to the movant's identification of "specific issues requiring [counsel's] testimony, the weight of such testimony, or the unavailability of other sources of such evidence."  Id.

The movant must also demonstrate substantial prejudice to the attorney's client.  As the Second Circuit has explained,

> Rule 3.7 lends itself to opportunistic abuse.  Because courts must guard against the tactical use of motions to disqualify counsel, they are subject to fairly strict scrutiny, particularly motions under the witness-advocate rule.  The movant, therefore, bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring to the witness-advocate's client is substantial.

Murray v. Metro. Life Ins. Co., 583 F.3d 173, 178 (2d Cir. 2009) (citation omitted).

The plaintiffs contend that because Parr Brown now represents Ruby Hollow, it is "more likely than not" that the Parr Brown was involved in the 2018 Debt Acquisition and the Osisko Transaction.  In their opposition to this motion, defense

4

counsel states that Ruby Hollow became a client of Parr Brown in May of 2020, and that Parr Brown did not represent Ruby Hollow in its 2018 acquisition of Chief. Moreover, defense counsel assert that Ruby Hollow did not discuss with Parr Brown the transactions complained of in this lawsuit.

The plaintiffs have failed to make a sufficient showing that disqualification of Parr Brown is warranted at this stage of the lawsuit. The plaintiffs' assertions as to their need for testimony from Parr Brown attorneys is entirely speculative

The plaintiffs' January 13 motion is denied without prejudice to renewal if discovery reveals that testimony from Parr Brown attorneys is necessary and would substantially prejudice a party.

Dated:   New York, New York
         February 17, 2023

                                      _____
                                              DENISE COTE
                                      United States District Judge

5