```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :    22cv6971 (DLC)
GREGORY MCGOWAN et al.,                   :
                                          :
                    Plaintiffs,           :    MEMORANDUM OPINION
                                          :         AND ORDER
           -v-                            :
                                          :
GEOFF STANLEY et al.,                     :
                                          :
                    Defendants.           :
                                          :
----------------------------------------- X
```

DENISE COTE, District Judge:

On February 6, 2024, the plaintiffs filed a motion to modify the Court's May 17, 2023 Order ("May 2023 Order") pursuant to Fed R. Civ. P. 60(b)(1)(1) or 60(b)(1)(6). For the following reasons, the motion is denied.

## Background

The parties in this litigation were referred to the Magistrate Judge for settlement discussions. Giving the parties notice of the date months in advance, the Magistrate Judge scheduled a settlement conference and required the personal appearance of the parties and their counsel. Plaintiffs' counsel submitted a late request to adjourn the settlement conference. When addressing the request, the Magistrate Judge learned that the plaintiffs were out of town and "not in a position to participate effectively" in the conference. In contrast, the individual defendants had traveled from out of

town for the litigation and were prepared to attend the conference. On April 25, 2023, the Magistrate Judge issued an order that allowed the defendants to apply for recovery of their attorneys' fees and costs "associated with their flights to New York to attend the conference in light of Plaintiffs' failure to comply" with her scheduling order and the failure to timely request an adjournment.

The defendants sought sanctions. In a May 15 submission, plaintiffs' counsel did not address why plaintiff Robert Bruderman had failed to attend the settlement conference. He explained that plaintiff Gregory McGowan had important meetings scheduled in China that conflicted with the scheduled conference and that he could not "responsibly avoid or postpone" the meetings.

At a May 17 conference, plaintiffs' counsel admitted that a reasonable reimbursement of the defendants' expenses "would not be unfair." Plaintiffs' counsel admitted that the fault was both Mr. McGowan's and his own for not clearing Mr. McGowan's schedule. He admitted that Mr. McGowan's trip to China was "long planned." The Court observed that it had been provided with no explanation as to why Mr. Bruderman did not appear for the settlement conference, or why neither of the plaintiffs

appeared for duly noticed depositions scheduled for April 24 and 25. The May 2023 Order granted, as modified on the record at a conference, the defendants' motion for an award of fees and costs incurred in preparing for and traveling to New York City to appear at a court-ordered settlement conference at which the plaintiffs did not appear. The "plaintiffs" were required to pay the defendants' fees and costs by May 26, 2023. Plaintiffs' counsel represents that he paid the amount due.

On October 12, 2023, summary judgment was granted to the defendants. McGowan v. Stanley, No. 22-CV-6971, 2023 WL 6694504 (S.D.N.Y. Oct. 12, 2023). On November 9, the plaintiffs filed a notice of appeal to the United States Court of Appeals for the Second Circuit.

On February 6, 2024, the plaintiffs moved to modify the May 2023 Order by imposing the fees and costs on plaintiffs' counsel rather than on plaintiffs themselves. They explain that they are securities professionals and must periodically report whether they have been subject to any sanctions or penalties. On February 7, the plaintiffs were informed that the motion did not address the issue of this Court's jurisdiction during the pendency of the plaintiffs' appeal or indicate that the plaintiffs had sought consent from defendants as to the proposed

3

modification.  The defendants filed their response on February 12.  On February 19, the plaintiffs filed their reply.  The reply again fails to address the issue of jurisdiction.

### Discussion

If a party files a motion for relief from judgment under Fed. R. Civ. P. 60(b) after filing a notice of appeal and more than 28 days after judgment is entered, "the district court is without jurisdiction to grant the motion while the appeal is pending."  <u>ExxonMobil Oil Corporation v. TIG Insurance Company</u>, 44 F.4th 163, 171 n.3 (2d Cir. 2022).  Under Fed R. Civ. P. 62.1, "a district court may nevertheless (1) defer considering the motion, (2) deny the motion, or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." <u>Id.</u> (citing Fed. R. Civ. P. 62.1).

The plaintiffs present no argument why this Court has jurisdiction to grant the motion to modify the May 2023 Order during the pendency of the plaintiffs' appeal.  In any event, the motion is denied as without merit.  The plaintiffs have not shown any "mistake, inadvertence, surprise, or excusable neglect" that would justify relief under Fed. R. Civ. P. 60(b)(1)(1), nor have they shown "any other reason that

4

justifies relief" under Fed. R. Civ. P. 60(b)(1)(6).

Fed R. Civ. P. 60(b)(1) contemplates relief from a judgment or an order due to error by a party or its legal representative. Relief from an error by the attorney "is normally sought pursuant to Rule 60(b)(1) on the theory that such error constitutes mistake, inadvertence or excusable neglect." Gomez v. City of New York, 805 F.3d 419, 423 (2d Cir. 2015)(citation omitted). Where a party or attorney "fails to act with diligence, he will be unable to demonstrate that his conduct constituted excusable neglect." State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 177 (2d Cir. 2004) (citation omitted).

Plaintiffs' counsel has failed to act with diligence at every point connected to this application. He did not timely request an adjournment of the settlement conference before the Magistrate Judge or timely request a modification to the May 2023 Order. Nor have the plaintiffs shown that they acted with appropriate diligence or are otherwise entitled to the relief that they seek on this motion. As the transcript of the May 17, 2023 conference reflects, Mr. Bruderman provided no excuse for his absence from the settlement conference and Mr. McGowan made a choice to travel to China rather than attend the settlement

conference. It would appear from the transcript that Mr. McGowan did not advise his attorney of his longstanding business commitment or that he would be absent from the settlement conference until just before the conference.[1] As a result, his attorney acknowledged that both he and Mr. McGowan shared responsibility.

District courts consider several factors when resolving Rule 60(b)(1) motions, including (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993). Here, there is no danger of prejudice to the non-moving party because the awarded costs and fees have already been paid. But the length of the delay in bringing this application -- nearly nine months after the May 2023 Order was issued -- and the fact that such delay was within the reasonable control of the movants outweigh the other factors.

Next, Rule 60(b)(6) relief "is only available if Rules

---

[1] The argument by plaintiff's counsel in his 2024 motion that his clients were unaware of the date of the 2023 settlement conference is at odds with the record in 2023.

6

60(b)(1) through (5) do not apply, and if extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the movant." ISC Holding AG v. Nobel Biocare Finance AG, 688 F.3d 98, 109 (2d Cir. 2012). Rule 60(b)(1) and Rule 60(b)(6) "are mutually exclusive, such that any conduct which generally falls under the former cannot stand as a ground for relief under the latter." Mandala v. NTT Data, Inc., 88 F.4th 353, 359 (2d Cir. 2023) (citation omitted). Thus, "where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." Id. (citation omitted). As discussed above, plaintiffs' motion is premised on "grounds fairly classified" as Rule 60(b)(1) grounds; thus, relief under Rule 60(b)(6) is foreclosed. In any case, plaintiffs have not shown that any extraordinary circumstances are present. Nor have they shown that they would face any extreme hardship as a result of a failure to grant relief.

## Conclusion

Plaintiffs' February 6, 2024 motion is denied.

Dated:   New York, New York
         March 13, 2024

                                    _____
                                          DENISE COTE
                                    United States District Judge

7